UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DORIS MENDOZA, on behalf of herself and
and all others similarly situated,

                             Plaintiff,

                -against-                            **MEMORANDUM & ORDER**
                                                                   **12 CV 4188 (DRH)(ARL)**

LAINESITA RESTAURANT CORP., d/b/a
MI TIERRITA RESTAURANT, MARCO.T.CORP.,
d/b/a MI TIERRITA RESTAURANT, FENICIA
RESTAURANT CORP., d/b/a MI TIERRITA
RESTAURANT, STEFITA CORPORATION,
d/b/a MI TIERRITA RESTAURANT, EDUARDO
PABON, FERNANDO PABON, STEPHANIE
PABON, JUAN CARLOS PABON,

                             Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**Frank & Associates, P.C.**
Attorneys for Plaintiffs
500 Bi-County Blvd., 112N
Farmingdale, New York 11735
By: Neil M. Frank, Esq.
     Peter A. Romero, Esq.
     Andrea E. Batres, Esq.

**The Law Offices of Andrew Presberg, P.C.**
Attorneys for Defendants
100 Corporate Plaza, Suite B102
Islandia, New York 11749
By: Kevin J. Foreman, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Doris Mendoza ("Plaintiff") brings this action, on behalf of herself and all others

similarly situated, against defendants Lainesita Restaurant Corp. ("Lainesita"), d/b/a Mi Tierrita

Restaurant ("Mi Tierrita"), Marco.T.Corp., d/b/a Mi Tierrita Restaurant, Fenicia Restaurant

Corp., d/b/a Mi Tierrita Restaurant, Stefita Corporation, d/b/a Mi Tierrita Restaurant, Eduardo

Pabon, Fernando Pabon, Stephanie Pabon, and Juan Carlos Pabon (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law Article 19, § 650 *et seq.*, New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law"), and New York State Human Rights Law, Executive Law § 290 *et seq.* ("New York State Human Rights Law").

Presently before the Court is Plaintiff's motion to amend the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15 to add causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 *et seq.*, as amended by the Civil Rights Act of 1991 ("§ 1981"). For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the Proposed First Amended Complaint ("Proposed Amended Complaint") and are presumed true for purposes of this motion.

Plaintiff, who is of Honduran origin, worked as a cook in Mi Tierrita, "a family owned business of Colombian nationality," for approximately one year, from August 2010 until August 2011. (Am. Compl. ¶¶ 15, 16, 66, 68.) While employed at Mi Tierrita, Plaintiff was denied both a promotion and a raise, paid a lower salary than other similarly situated employees, and assigned less favorable assignments than other employees. (*Id.* ¶ 70.) Defendants "selectively scrutinized her performance." (*Id.*) Further, "Defendants tolerated, condoned and participated in Plaintiff's continual harassment and humiliation," which no other employees faced, and which in part consisted of derogatory comments. (*Id.* ¶ 71.)

On August 26, 2011, residents of Patchogue, New York, including Plaintiff, were required to evacuate their homes as a result of Hurricane Irene. (*Id.* ¶ 72, 73.) Additionally,

Defendants' restaurant in Patchogue, where Plaintiff was employed, closed on August 26, 2011 because of Hurricane Irene. (*Id.* ¶¶ 15, 72.) Plaintiff failed to report for work the day after the hurricane, and Defendants subsequently terminated her employment. (*Id.* ¶¶ 74, 75.) By the end of the year 2011, all other Honduran employees at Defendants' Patchogue restaurant had been fired. (*Id.* ¶ 77.) As a result of Defendants' actions, "Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to her reputation." (*Id.* ¶ 111.)

Plaintiff filed a formal complaint with the New York State Division of Human Rights ("NYSDHR") on September 27, 2011, "alleging discrimination based upon national origin." (*Id.* ¶ 11.) Plaintiff cross-filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 12.) On July 17, 2012, Plaintiff requested the NYSDHR to annul her election of remedies in order for Plaintiff to pursue all of her claims in a single forum. (Exh. C to Defs.' Mem. in Opp'n at 1.) On August 21, 2012, Administrative Law Judge Robert M. Vespoli issued a final agency decision for Plaintiff's claim with the NYSDHR, to which he attached a Recommended Order of Annulment of Election of Remedies concerning Plaintiff's election of an administrative remedy. (Am. Compl. ¶ 11; Exh. A to Am. Compl.; Exh. D to Defs.' Mem. in Opp'n.) On August 22, 2012, Plaintiff commenced this action in the District Court for the Eastern District of New York pursuant to the FLSA, New York Labor Law, and New York State Human Rights Law. (Am. Compl. ¶¶ 3, 4.)

On October 15, 2012, the EEOC issued a Notice of Right to Sue ("Right to Sue Letter") that was due to expire on January 13, 2013. (Am. Compl. ¶ 12; Exh. B to Am. Compl.; Pl.'s Mem. in Supp. at 3.) On December 20, 2012, Plaintiff filed a letter requesting a pre-motion

3

conference for purposes of filing a motion to amend her Complaint pursuant to this Court's Individual Practice Rule 3(A)(ii). (Doc. No. 13.) On January 9, 2013, the parties appeared before Magistrate Judge Arlene R. Lindsay for an initial conference during which Plaintiff's request to file an amended complaint was discussed. (Doc. No. 15.) Plaintiff now seeks to amend her original Complaint pursuant to Federal Rule of Civil Procedure 15 to add additional causes of action for discriminatory employment practices in violation of Title VII and § 1981.

## DISCUSSION

**I.** *Standard of Review for Amendment of Pleadings*

Under Rule 15(a)(2), a party seeking to amend its pleading first must obtain the court's leave, which is to "be freely given when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* "This permissive standard is consistent with our 'strong preference for resolving disputes on the merits.' " *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 376 (E.D.N.Y. 2009) ("[A]mendments are generally favored because they tend to facilitate a proper decision on the merits" (citation and internal quotation marks omitted)). Therefore, leave to amend is to be freely given, in the District Court's discretion, absent an "apparent or declared reason[,] such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182; *see also Am. Med. Ass'n v. United Healthcare Corp.*, 2006 WL 3833440, at *3 (S.D.N.Y. Dec. 29, 2006) ("Under Rule 15(a), leave to amend a

4

pleading shall be given freely when justice so requires . . . unless (1) the party seeking to amend has unduly delayed; (2) the party seeking to amend is acting with a dilatory motive; (3) the proposed amendment would cause undue prejudice to the opposing party; or (4) the proposed amendment would be futile." (citation and internal quotation marks omitted)). Here, there is no assertion by Defendants that Plaintiff has acted in bad faith, with a dilatory motive, or unduly delayed, nor has Plaintiff previously filed any amendments to the Complaint. Therefore, it need be determined only whether Plaintiff's Proposed Amended Complaint is futile or is prejudicial to Defendants.

## II.     *Futility of Amendment*

Although leave to amend is to be "freely given when justice so requires," it is not an abuse of discretion to deny leave to amend "[w]here it appears that granting leave to amend is unlikely to be productive," such as when a proposed amendment is futile. Fed. R. Civ. P. 15(a); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citations and internal quotation marks omitted). "[T]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss." *Crippen v. Town of Hempstead*, 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "[a] motion to amend the complaint may be considered futile if the claims sought to be added are barred by the relevant statute of limitations." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397 (E.D.N.Y. 1998). The Court will address the sufficiency and timeliness of the proposed amended claims in turn.

### A. *Plaintiff has Sufficiently Alleged Discrimination Claims Under § 1981 and Title VII*

Title VII, in pertinent part, prohibits employers from discharging any individual, or discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment," on the basis of that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 "provides a related remedy to Title VII for private discrimination in employment." *Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976). Section 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." "A 1991 amendment to § 1981 clarifies that '[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.' " *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (quoting 42 U.S.C. § 1981(c)).

In this case, the pleading requirements for Plaintiff's § 1981 claim are the same as for Plaintiff's Title VII claim. *See Kao v. Scherl*, 1989 WL 30443, at *7 (E.D.N.Y. March 20, 1989) ("The pleading and proof requirements applicable to [a] § 1981 . . . claim[ ] are the same as [for] a Title VII claim if they are brought in a single action."); *see also Ramirez v. Hempstead Union Free Sch. Dist. Bd. of Educ.*, 2014 WL 3547374, at *4 (E.D.N.Y. July 16, 2014) ("Section 1981 claims based on employment discrimination are analyzed under the same standards used for Title VII claims."). Moreover, the extremely permissive pleading standard under Rule 8 applies to a complaint alleging employment discrimination. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-13 (2002). As the Supreme Court noted in *Swierkiewicz*, Rule 8(a)(2) provides (a) "that a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief," and (b) that "[s]uch a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 512 (citations and

internal quotation marks omitted); *see also Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (same). The Court in *Swierkiewicz* therefore held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination" so long as the complaint provides the defendant with "fair notice of the basis for [the] claims." *Swierkiewicz*, 534 U.S. at 514-15; *see also Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 181 (D.D.C. 2002) ("To satisfy the pleading requirements for racial discrimination claims under either Title VII or Section 1981, a plaintiff's complaint must comply with Federal Rule of Civil Procedure 8 and therefore must simply contain a short and plain statement of the claim showing that the pleader is entitled to relief." (citations and internal quotation marks omitted)).

Here, Plaintiff has sufficiently pleaded valid causes of action under Title VII and § 1981 in the Proposed Amended Complaint. Plaintiff alleges that she is of Honduran origin and that she was discriminated against because of her national origin. (Am. Compl. ¶¶ 66, 69.) According to Plaintiff, the individual defendants are of Columbian origin and Mi Tierrita is "a family owned business of Columbian nationality." (*Id.* ¶¶ 67, 68.) Plaintiff claims that she was given "less favorable assignments than other employees," paid a lower salary than other similarly situated employees, and denied a raise and promotion. (*Id.* ¶ 70.) In addition, Plaintiff alleges that while she, and several other employees who were not of Honduran origin, failed to appear for work at Defendants' restaurant when it reopened after Hurricane Irene, only she was discharged for failing to report to work. (*Id.* ¶¶ 72, 74, 75, 76.) Moreover, Plaintiff asserts that, in that same year, Defendants terminated the employment of all other Honduran employees who worked where Plaintiff worked. (*Id.* ¶ 77.) Thus, because Plaintiff's Proposed Amended Complaint contains a plain statement of her discrimination claims which provides Defendants with notice as to what the claims are and the grounds upon which they rest, Plaintiff has

7

sufficiently pleaded valid causes of action under Title VII and § 1981. *See, e.g.*, *Swierkiewicz*, 534 U.S. at 514 (finding petitioner's allegations "that he had been terminated on account of his national origin," and "detail[ing] the events leading to his termination, [including] relevant dates, . . . and nationalities of at least some of the relevant persons involved with his termination," sufficient to provide fair notice and state a discrimination claim).

### B.  *The Timeliness of Plaintiff's Title VII Claims*

Defendants argue that Plaintiff's Title VII claim has expired as a matter of law. A Plaintiff must exhaust her administrative remedies prior to pursuing a Title VII claim in federal court. *See Johnson v. Bryson*, 851 F. Supp. 2d 688, 708 (S.D.N.Y. 2012). Plaintiff's timely filing of a complaint with the EEOC and timely filing of a complaint under Title VII following receipt of a Right to Sue letter are thus integral to Plaintiff's ability to pursue a Title VII claim against Defendants in this Court. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Therefore, it must be determined whether Plaintiff complied with Title VII's applicable statutes of limitation when filing her motion to amend the Complaint.

### i.  *Lainesita is the Only Defendant for Which Plaintiff Filed a Timely Discrimination Complaint with the EEOC, as Required by § 2000e-5(e)(1)*

The only defendant for which Plaintiff timely filed a discrimination complaint with the EEOC is Lainesita. "Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit," and requires that the Plaintiff "file a charge [with the EEOC] within the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). "In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment

practice." *Morgan*, 536 U.S. at 109; *see also Heller v. Consol. Rail Corp.*, 331 F. App'x 766, 768 (2d Cir. 2009) (finding that appellant had 300 days from the date of discrimination to file an EEOC complaint). If a complaint is not filed within these time limits, it is time barred. *See Morgan*, 536 U.S. at 109. Therefore, in order for Plaintiff to recover under her Title VII claim, she would have had to file a complaint with the EEOC within 300 days of the alleged discriminatory act by Defendants. Moreover, Plaintiff cannot assert a Title VII claim against individual defendants. *See Wrighten v. Glowski*, 232 F.3d 119, 119 (2d Cir. 2000); *Madray v. Long Island Univ.*, 789 F. Supp. 2d 403, 408 (E.D.N.Y. 2011).

In this case, Plaintiff is precluded from amending her complaint to add a cause of action under Title VII against any defendant other than Lainesita. The alleged termination of Plaintiff's employment by Defendants occurred on or about August 26, 2011, following her failure to report to work due to Hurricane Irene.[1] (Am. Compl. ¶ 75.) However, the only defendant named in Plaintiff's September 27, 2011 complaint with the NYSDHR, which was cross-filed with the EEOC, was Lainesita. (*See* Exh. A to Am. Compl.) Notably, Plaintiff concedes that Lainesita is the only defendant against which she seeks to assert a Title VII discrimination claim.[2] (Pl.'s

---

[1] The Court notes that Plaintiff alleges that she worked for Defendants from about August 2010 until August 2011, during which time the Defendants committed the additional discriminatory acts alleged in paragraphs 70 and 71 of the Proposed Amended Complaint. However, Plaintiff could "only file a charge to cover discrete acts that 'occurred' " within 300 days before she filed her complaint with the EEOC on September 27, 2011. *Morgan*, 536 U.S. at 114. While it is possible that the alleged acts occurred within 300 days before September 27, 2011, especially considering that the acts allegedly occurred during the year prior to the filing of the EEOC complaint, i.e., while Plaintiff was employed with Defendants from August 2010 until August 2011, Plaintiff has not alleged specific dates to establish conclusively the timeliness of those acts for purposes of her Title VII discrimination claim. Nevertheless, those allegations may remain in the Complaint in support of Plaintiff's § 1981 claim. Parenthetically, while the additional discriminatory acts alleged in paragraphs 70 and 71 could support a hostile work environment claim under Title VII, Plaintiff apparently did not assert such a claim in its charge filed with the EEOC nor has Plaintiff argued in support of such a claim upon the instant motion. *See Morgan*, 536 U.S. at 115-21.

[2] Although Plaintiff's statement, i.e., that her "proposed amendment seeks only to assert discrimination claims against Lainesita and no other Defendants" could be read as meaning that she seeks to limit both her Title VII and § 1981 causes of action as stating claims only as against Lainesita, the Court notes that the Proposed Amended Complaint asserts a Fourth Claim For Relief under Title VII against "Defendant," and a Fifth Claim For Relief under § 1981 against "Defendants." (Compl. ¶¶107-119.) In addition, Plaintiff's statement that her proposed amendment seeks only to assert discrimination claims as against Lainesita is preceded by an argument that the failure to name the other defendants in the EEOC complaint does not require dismissal of Plaintiff's motion because

9

Reply at 1 ("Plaintiff's proposed amendment seeks only to assert discrimination claims against Lainesita and no other Defendants.").) Therefore, Lainesita is the only defendant for which Plaintiff filed a timely discrimination complaint with the EEOC, as required by § 2000e-5(e)(1).

> ii. *Plaintiff Timely Filed the Motion to Amend Following Receipt of the EEOC's Right to Sue Letter*

Plaintiff's proposed amendment to add a cause of action under Title VII against Lainesita is timely. 42 U.S.C. § 2000e-5(f)(1) provides that "within 90 days after the issuance of a right-to-sue letter 'a civil action may be brought against the respondent named in the charge.' " *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984) (quoting 86 Stat. 106, 42 U.S.C. § 2000e-5(f)(1)). In the instant case, the EEOC notified Plaintiff on October 15, 2012 that the charge she had filed with the Commission had been dismissed, and that she had the right to sue the respondent, Lainesita, in federal court. (Exh. C to Declaration of Andrea E. Batres, dated April 15, 2013.) Therefore, Plaintiff was required to file a complaint under Title VII against Lainesita within 90 days of receipt of the EEOC's Right to Sue Letter, i.e., by January 13, 2013.[3] *See Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) ("[T]he 90–day limitations period set forth in 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier."). However, while Plaintiff did not file a complaint under Title VII against Lainesita by January 13, 2013, Plaintiff contends that she still satisfied the requirements of the statute by filing a request for a pre-motion conference in accordance with this Court's Individual Practice Rule 3(A)(ii). Rule 3(A)(ii) states that before filing a motion to amend a complaint, "a pre-

---

§ 1981, unlike Title VII, "does not require exhaustion of any administrative remedies as a prerequisite to filing suit." (Reply at 1.) Thus, the Court will construe Plaintiff's motion as seeking to assert a § 1981 claim against all defendants, and a Title VII claim only as against Lainesita.

[3] Plaintiff acknowledges that January 13, 2013 was the applicable 90-day filing deadline. (*See* Reply at 7.)

motion conference with the Court must be requested." Plaintiff asserts that by filing a request for a pre-motion conference on December 20, 2012, prior to the expiration of the 90-day period on January 13, 2013, the statute of limitations was tolled and Plaintiff's proposed amendment under Title VII was timely. (Pl.'s Reply at 7.)

Despite the Second Circuit's generally strict enforcement of § 2000e-5(f)(1)'s time limitation, *see, e.g.*, *Tiberio*, 664 F.3d at 38 (holding that a claim was time-barred following initiation of an action 93 days after receipt of a Right to Sue letter); *Moscowitz v. Brown*, 850 F. Supp. 1185, 1192 (S.D.N.Y. 1994), *abrogated on other grounds by Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258 (2d Cir. 2000) (holding that filing a complaint under Title VII even one day after the 90-day period results in dismissal of the complaint), such a strict application, in the instant case, would prove inequitable to Plaintiff. Notably, the 90-day filing is "not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). This case presents circumstances in which equity requires a waiver or tolling of the 90-day filing requirement, as evidenced by the discussion that follows.

Although Plaintiff did not actually file a motion to amend her Complaint to add a cause of action under Title VII prior to January 13, 2013, the sole reason for Plaintiff's delay was Plaintiff's compliance with the Court's Individual Practice Rule 3(A)(ii). Plaintiff would have been precluded from moving to amend her complaint had she not first requested a pre-motion conference. Further, since Plaintiff's motion to amend was discussed at the initial conference, which was held within the 90-day time period, and the Order issued as a result of the conference did not specify a time frame within which Plaintiff was to forward to defense counsel a copy of the Right to Sue Letter and Proposed Amended Complaint, Plaintiff had no reason to believe that

her motion to amend the complaint would thereafter be time-barred. Thus, because it is by no fault of Plaintiff that she was unable to directly file her Motion to Amend her Complaint in accordance with § 2000e-5(f)(1), but, rather, was required to request a pre-motion conference with the Court before filing her Motion to Amend, which she notably did within 90 days after the issuance of the Right to Sue Letter, Plaintiff's Title VII claim is considered timely for purposes of this motion, and Plaintiff has sufficiently exhausted her administrative remedies.

### III. *Prejudice to Defendants*

Leave to amend is properly denied where allowing the amendment would unduly prejudice the nonmoving party. *See Foman*, 371 U.S. at 182. In order to determine whether granting Plaintiff's motion to amend the Complaint would unduly prejudice Defendants, the Court must consider whether Defendants will have to "expend significant additional resources to conduct discovery and prepare for trial" or whether resolution of the dispute will be "significantly delay[ed]" by reason of granting leave to amend. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Here, Defendants neither have to "expend significant additional resources" nor face a "significant delay" in the resolution of this dispute by reason of the Court's allowance of Plaintiff's additional cause of action under Title VII. *Id.* In Plaintiff's original Complaint, the Third Claim for Relief consisted of a claim of discrimination under the New York State Human Rights Law on the basis of Plaintiff's Honduran national origin, which gave Defendants notice that Plaintiff sought to bring discrimination claims against them on her behalf. Since Defendants are already required to expend resources in order to conduct discovery and prepare for trial by reason of Plaintiff's discrimination claim under the New York State Human Rights Law, Defendants will not have to expend additional resources in conducting discovery for the Title VII

and § 1981 claims.[4] *See*, *e.g.*, *Rikhy v. AMC Computer Corp.*, 2002 WL 1424596, at *1 (S.D.N.Y. Jul. 2, 2002) ("[N]o further discovery would be warranted with respect to the [plaintiff's amended New York State Human Rights Law] claim[], since [it] parallel[s] the plaintiff's existing Title VII claims."). Thus, there will be no significant delay in the resolution of this dispute. Accordingly, Plaintiff is granted leave to amend the Complaint to add causes of action under § 1981 against Defendants, and Title VII only as against Lainesita.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff's motion to amend the Complaint is granted to the extent Plaintiff seeks to assert an additional cause of action under § 1981 against Defendants, and a cause of action under Title VII only as against Lainesita, and is otherwise denied.

**SO ORDERED.**

Dated: Central Islip, New York
       July 25, 2014                         /s/
                                     Denis R. Hurley
                                     Unites States Senior District Judge

---

[4] As discussed in the decision *supra*, Plaintiff's Proposed Amended Complaint seeks to add a § 1981 claim against all Defendants, and a Title VII claim only as against Lainesita.